UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24-CV-589-CRS

PETER KENNETH KALMEY                                                                          PLAINTIFF

v.

BEN BREIER, *et al*.                                                                                  DEFENDANTS

## **MEMORANDUM OPINION & ORDER**

On October 15, 2024, Plaintiff Peter Kenneth Kalmey ("Kalmey") sued Defendants Ben Breier ("Breier"), Kindred Healthcare ("Kindred"), and the Federal Bureau of Investigation in federal court. Complaint, DN 1. As the sole basis for federal jurisdiction, Kalmey stated in his complaint that his case involves a federal question under "Amendment IIII [sic], Amendment V, Amendment VI, and Amendment VIII of the U.S. Constitution." *Id.* at PageID# 3. He also presented a long list of allegations including "Hostile Work Environment," "Harassment," Blackmail," and "Property Damage." *Id.* at PageID# 5. But Kalmey did not identify any allegation with any particular defendant, nor did he assert any underlying facts to support his claims. *Id.*

This matter is now before the Court on the motions of Breier and Kindred to dismiss Kalmey's claims against them. Breier Motion, DN 10; Kindred Motion, DN 11. Specifically, Breier and Kindred contend that the constitutional provisions Kalmey cites to support federal jurisdiction do not apply to private parties such as them. Kalmey has not responded to either motion, and the time for doing so has passed. The Court agrees with Breier and Kindred and will dismiss Kalmey's claims against them with prejudice.

As the defendants correctly point out, the constitutional amendments cited by Kalmey only regulate government action. *United States v. Miller*, 982 F.3d 412, 421 (6th Cir. 2020) (citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)) ("[T]he Fourth Amendment regulates only

government action . . . ."); *Al-Saka v. Sessions*, 904 F.3d 427, 433 (6th Cir. 2018) (citing *Pub. Util. Comm'n of D.C. v. Pollak*, 343 U.S. 451, 461-62 (1952)) (explaining that the Fifth Amendment "constrains the federal government, not private citizens."); *Davis v. Goss*, 2010 WL 1872871, at *9 (E.D. Ky. May 10, 2010) ("[T]he Sixth Amendment restrains only governments, not private individuals."); *Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (limiting application of the Eighth Amendment to "the criminal-law function of government."). These constitutional provisions may yet apply to private actions that are "fairly attributable" to the government. *Miller*, 982 F.3d at 422. But Kalmey pleads no facts to suggest that such attribution could apply here; indeed, his complaint identifies no action by Breier or Kindred whatsoever. Accordingly, Kalmey has not established subject matter jurisdiction over his claims against Breier and Kindred. The Court will dismiss those claims for this reason.[1]

Therefore, for the reasons set forth herein, Defendant Ben Breier's Motion to Dismiss [DN 10] is **GRANTED**. Defendant Kindred Healthcare's Motion to Dismiss [DN 11] is **GRANTED**. All claims asserted against Defendants Ben Breier and Kindred Healthcare in Plaintiff Peter Kenneth Kalmey's Complaint [DN 1] are **DISMISSED** with prejudice.

**IT IS SO ORDERED**

August 15, 2025

Charles R. Simpson III, Senior Judge
United States District Court

---

[1] Both Breier and Kindred also move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Breier Motion, DN 10 at PageID# 39; Kindred Motion, DN 11 at PageID# 47. As well, Kindred moves to dismiss under Federal Rule of Civil Procedure 12(b)(5), *Id.* at PageID# 46 and it maintains that "it is unclear whether Mr. Kalmey is naming Kindred as a defendant in this matter at all . . . ." *Id.* at PageID# 48. But because the Court lacks subject matter jurisdiction over the claims against Breier and Kindred, it declines to address these issues.